1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT TACOMA

8   CHARLENE S.,

9                           Plaintiff,          CASE NO. 2:19-CV-1177 – DWC

10        v.                                     ORDER REVERSING AND
                                                REMANDING DEFENDANT'S
11  COMMISSIONER OF SOCIAL                       DECISION TO DENY BENEFITS
    SECURITY,
12
                            Defendant.
13

14

15        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

16  Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant

17  to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

18  have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

19        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

20  erred when he improperly evaluated Dr. Russell Hicks' opinion. Therefore, the ALJ's error is

21  harmful. Accordingly, the Court remands this case for an award of benefits under the

22  "exceptional facts" rule pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of

23  Social Security ("Commissioner"). *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017).

24

FACTUAL AND PROCEDURAL HISTORY

This case has a sizeable procedural background, with four ALJ hearings, four ALJ decisions, and two previous decisions from this Court. On June 4, 2009, Plaintiff filed an application for DIB, alleging disability as of January 4, 2005. *See* Dkt. 9, Administrative Record ("AR") 1279. The application was denied upon initial administrative review and on reconsideration. *See* AR 1279. On November 2, 2010, ALJ Laura Valente held the first hearing in this matter. AR 61-91. ALJ Valente issued the first ALJ decision on November 18, 2010, finding Plaintiff to be not disabled. AR 94-112. Plaintiff appealed the unfavorable decision to the Appeals Council, which granted Plaintiff's request for review and remanded the case back to the ALJ. AR 113-116.

On December 3, 2012, ALJ Scott R. Morris held the second administrative hearing in this matter. AR 30-60. ALJ Morris issued an unfavorable decision on February 11, 2013, again finding Plaintiff to be not disabled. AR 8-29. The Appeals Council denied Plaintiff request for review of ALJ Morris's decision on August 1, 2014. AR 1-5.

Plaintiff filed her first action in this Court on October 3, 2014, seeking review of ALJ Morris's decision. *See* AR 684-85, 687-688. On July 24, 2015, the Court issued an Order finding the ALJ erred regarding medical opinion evidence from Dr. Andrew N. Willner, M.D. *See* AR 689-703. Pursuant to the Court's Order, the Appeals Council vacated ALJ Morris's February 2013 decision and remanded Plaintiff's claim to the ALJ "for further proceedings consistent with the order of the court." AR 707-711.

ALJ Valente held the third hearing in this matter on March 29, 2016. AR 624-632. At the hearing, ALJ Valente realized some of Plaintiff's medical records were missing from the administrative record. *See* AR 628-631. Therefore, she postponed the hearing in order to get the

medical records. *See* AR 628-631. On November 17, 2016, ALJ Valente held a hearing. AR 619-623. On February 17, 2017, ALJ Valente issued the third unfavorable decision, finding Plaintiff to be not disabled. AR 597-618. Plaintiff initiated another civil action, and this Court remanded Plaintiff's claim for further administrative proceedings. *See* AR 1321-1336. The case was assigned to ALJ Larry Kennedy, who decided that because "the record has been fully developed and pertains to a closed period of time" and because "neither the District Court nor the Appeals Council requires a new hearing on remand," no new hearing was necessary. AR 1279. On April 1, 2019, ALJ Kennedy found Plaintiff to be not disabled. AR 1298. ALJ Kennedy's April 2019 decision is the Commissioner's final decision, which Plaintiff now appeals.[1] *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to provide Plaintiff with a hearing; (2) failed to properly evaluate Plaintiff's testimony; (3) improperly evaluating the medical opinion evidence; (4) improperly discounting the lay witness testimony; (5) failing to determine whether Plaintiff met or equaled a listing at Step Two; and (6) failing to properly determine Plaintiff's residual functional capacity ("RFC"). Dkt. 11. Plaintiff argues that as a result of these errors, an award of benefits is appropriate. Dkt. 11, p. 19.

Plaintiff must establish disability between her alleged onset date – January 4, 2005 – and her date last insured – December 31, 2006. *See* AR 1282; *Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1461 n.4 (9th Cir. 1995) (citations omitted).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Kennedy and his April 1, 2019 decision.

1  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3  <u>DISCUSSION</u>

4  **I.     Whether the ALJ properly considered the medical opinion evidence.**

5      Plaintiff argues the ALJ erred in analyzing the medical opinion evidence. Dkt. 11.

6      In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

7  reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*

8  *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

9  1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining

10  physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons

11  that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*

12  *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

13  1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts

14  and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

15  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

16  Cir. 1989)).

17      A.  <u>Dr. Hicks</u>

18      In March 2016, Dr. Hicks completed a medical source opinion form and opined Plaintiff

19  "is emotionally very unstable and unable to tolerate any frustrations necessary in the work

20  place." AR 1054-1056. Dr. Hicks diagnosed Plaintiff with bipolar disorder and anxiety, and

21  opined Plaintiff was limited to the greatest extent possible in almost every mental limitation

22  category. AR 1054-1056. For example, Dr. Hicks opined on a regular, reliable, and sustained

23  schedule, Plaintiff was not able to complete a normal workday and workweek without

24  

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

interruptions from psychological based symptoms and to perform at a consistent pace without an

unreasonable number and length of rest periods. AR 1054. Dr. Hicks also opined on a regular,

reliable, and sustained schedule, Plaintiff was not able to perform activities within a schedule,

maintain regular attendance, and/or be punctual within customary tolerances. AR 1054.

The ALJ discussed Dr. Hicks' opinion and dismissed it, saying:

(1) His opinion that the claimant had marked/severe mental limitations beginning a
decade ago is [] completely speculative. (2) Dr. Hicks's opinion is also out of
proportion to contemporaneous medical records in 2015, showing good stability
and improved mood on medication, normal affect, full alertness/orientation, and no
distress. (3) Dr. Hicks's opinion relies, in part, on the claimant's self-reported
mental symptoms/limitations. Her self-report, however, is not fully reliable, given
the many discrepancies documented above.

AR 1288 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Hicks' opinion because it postdated Plaintiff's date last

insured. AR 1288. "[M]edical reports are inevitably rendered retrospectively and should not be

disregarded solely on that basis." *Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir.1988). A

medical opinion may be relevant even if several years have passed between the date last insured

and the date of the opinion. *Id*; *see also Nerurkar v. Astrue*, 2010 WL *5 (W.D. Wash. May 10,

2010). Thus, this reason alone is not a specific and legitimate reason for discounting Dr. Hicks'

opinion. Defendant cites *Macri v. Chater* as authority to discount a doctor's opinion because the

opinion and examination of Plaintiff was after the expiration of the date last insured. *See* Dkt. 12,

p. 12. But Defendant's reliance on *Macri* is misplaced. In *Macri*, the court held that "[t]he

opinion of a psychiatrist who examines the claimant after the expiration of his disability insured

status … is entitled to less weight than the opinion of a psychiatrist who completed a

contemporaneous exam." *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The court in *Macri*

did not state an ALJ can properly discount the opinion of a doctor who examines the claimant

1   after the date last insured solely because the opinion was rendered after the claimant's date last

2   insured. Therefore, the ALJ's first reason for discounting Dr. Hicks' opinion is not specific and

3   legitimate and supported by substantial evidence.

4       Second, the ALJ discounted Dr. Hicks' opinion because it was "out of proportion to

5   contemporaneous medical records in 2015…" AR 1288. The ALJ cites to places in the record

6   indicating Plaintiff showed good stability and improved mood on medication, normal affect, full

7   alertness/orientation, and no distress. *See* AR 1288; 1060-1061, 1069, 1074, 1082, 1088, 1206.

8   But the ALJ ignored several instances in the record that are consistent with Dr. Hicks' opinion.

9   For example, in January 2016 Dr. Sandra Connell noted Plaintiff was emotionally labile, and

10  "cries frequently." AR 1088. In October 2015, Dr. Connell wrote "[Plaintiff] is crying more than

11  ever before" and noted Plaintiff had increased anxiety and was "not leaving the house due to

12  anxiety." AR 1065. Despite noting Plaintiff mood was improved, Dr. Connell opined Plaintiff's

13  judgment/insight was impaired. AR 1069-1070. In November 2013, Dr. Connell reported

14  Plaintiff had episodes of visual and auditory hallucinations and reported she was planning to start

15  drinking alcohol again and over dose on medication. AR 1114.

16      "Cycles of improvement and debilitating symptoms are a common occurrence, and in

17  such circumstances it is error for an ALJ to pick out a few isolated instances of improvement

18  over a period of months or years and to treat them as a basis for concluding a claimant is capable

19  of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). In addition, the ALJ may

20  not may not "cherry-pick" observations without considering context. *Reddick*, 157 F.3d at 722–

21  723. By discounting Dr. Hicks' opinion because it was inconsistent with medical records

22  contemporaneous with his opinion, the ALJ has shown he did "not acknowledge the inherently

23  cyclical nature of bipolar disorder." *Sunwall v. Colvin*, 158 F. Supp. 3d 1077, 1081-82 (D. Or.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

2016). Accordingly, the ALJ's second reason for discounting Dr. Hicks' opinion is not specific and legitimate and supported by substantial evidence.[2]

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Hicks' opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Hicks opined on a regular, reliable, and sustained schedule, Plaintiff was not able to complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 1054. In contrast, in the RFC, the ALJ did not include any absenteeism or productivity limitations. *See* AR 1283. Therefore, if Dr. Hicks' opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

---

[2] Defendant concedes the ALJ's third reason for discounting Dr. Hicks' opinion was improper. *See* Dkt. 12, p. 12. Thus, the Court need not assess whether this reason was proper.

## II.    Exceptional Circumstances

Plaintiff argues the case should be remanded for immediate payments of benefits, while Defendant asserts the Court should affirm the Commissioner's final decision and dismiss Plaintiff's complaint with prejudice. Dkt. 11, p. 19; dkt. 12, p. 19.

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Courts may weigh the "exceptional facts" in a case when deciding whether to remand for award of immediate benefits. *Trevizo*, 871 F.3d 664 at 683. Here, the "'exceptional facts' of this case … counsel strongly in favor of remanding for immediate payment of benefits." *Id.* (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990)). Courts consider several factors in assessing whether to invoke the "exceptional facts" rule and remand a case for immediate payment of benefits. For example, courts have considered the claimant's advanced age, the amount of time between the current proceedings and the original application for disability benefits, the procedural history, and the nature of the claimant's health limitations. *See id.*; *see also Alfredo C. v. Saul*, 2020 WL 836833 at *8 (D. Or. Feb. 20, 2020); *McKenzie v. Berryhill*, 2018 WL 1517039 at *8 (D. Az. Mar. 28, 2018); *Tarter v. Berryhill*, 2018 WL 4059293 at *3 (W.D. Wash. Aug. 27, 2018).

Here, at Plaintiff's current age of 59, she is considered a "[p]erson of advanced age." 20 C.F.R. § 404.1563(e); *see Trevizo*, 871 F.3d at 683 (listing the plaintiff's advanced age, among other things, as a reason to award the plaintiff benefits); *McKenzie*, 2018 WL 1517039 at *8 (noting the plaintiff's advanced age in deciding to award the plaintiff benefits). Plaintiff first applied for disability benefits in June 2009, nearly 11 years ago. AR 1279; *see Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for award of benefits where the plaintiff had

"already waited over seven years for her disability determination"); *McKenzie*, 2018 WL 1517039 at *8 (remanding for award of benefits where the plaintiff, among other things, had "sought benefits almost nine years ago"). As discussed in the procedural background of this case, Plaintiff filed her application for DIB in June 2009. *See* AR 1279. Over the last 11 years, Plaintiff has appeared at four administrative hearings. *See* AR 30-60, 61-91, 619-623, 624-632. There have been four ALJ decisions issued by three different ALJs. AR 11-24, 600-611, 640-651, 1279-1290. Plaintiff's case has been remanded by the District Court on two occasions and by the Appeals Council on an additional occasion. AR 689-703, 1321-1336, 113-116. *See Tarter*, 2018 WL 4059293 at *3 (awarding benefits to the plaintiff under the "exceptional facts" rule because plaintiff had appeared at multiple administrative hearings, there had been multiple ALJ decisions issued by different ALJs, and the case had been remanded several times by both the district court and the Appeals Council). Defendant concedes that Plaintiff "had problems with bipolar disorder and substance abuse order prior to the date last insured." AR 1282; *see Alfredo C.*, 2020 WL 836833 at *8 (factoring in the plaintiff's mental health issues to the "exceptional facts" analysis).

Further, the Ninth Circuit will generally "direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir.1988) (internal citations omitted). With every remand, the record at hand appears to have become more intricate with little apparent benefit. For example, this case has a closed period of disability and Plaintiff has not presented additional evidence. Neither Plaintiff or Defendant has indicated the record is not fully developed. Thus, the exceptional facts of this case "counsel strongly in favor of remanding for immediate payment of benefits." *Trevizo*, 871 F.3d at 683.

1   Additionally, granting further proceedings in this case would strongly resemble the "'heads we

2   win; tails, let's play again' system of disability benefits adjudication" that has been roundly

3   criticized by the Ninth Circuit. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Lastly,

4   "further delays at this point would be unduly burdensome." *Terry*, 903 F.2d at 1280.

5          In summation, the Court finds the exceptional facts of this case warrant an award of

6   benefits. Accordingly, this case is remanded for an award of benefits.

7                                        <u>CONCLUSION</u>

8          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

9   Plaintiff was not disabled. The Court finds remand for an award of benefits is appropriate.

10  Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for

11  an award of benefits.

12         Dated this 6th day of May, 2020.

13

14                                              _____

15                                              David W. Christel
                                                United States Magistrate Judge

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10